# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **OTIS PIERRE (#454378)** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 11-055** |
| **STEVE RADAR, WARDEN** | * | **SECTION: "J"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to the United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to Title 28, United States Code, Sections 636(b)(1)(B) and (C), and, as applicable, Rule 8(b) of the Rules Governing Section 2254 cases. A motion to dismiss was filed by the respondent, State of Louisiana, on April 12, 2011 (Rec. Doc. 15) based upon the defense that petitioner's federal habeas application was untimely filed. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the following reasons, it is hereby recommended that the motion to dismiss be DENIED and that the respondent be ORDERED to file a supplemental response addressing the merits of the claims raised in Otis Pierre's petition within ninety (90) days, or as otherwise ordered by the district court judge if this ruling is appealed.

## BACKGROUND

Petitioner, Otis Pierre, is a state prisoner incarcerated in the Dixon Correctional Center, Jackson, Louisiana. Pierre was convicted of two counts of attempted forcible rape and one count of second degree kidnaping.  He was sentenced to a term of 20 years without benefit of parole, probation or suspension of sentence on each of the attempted forcible rape counts, to be served concurrently to each other, and to a term of 15 years without benefit of parole, probation or suspension of sentence on the kidnaping charge, to be served consecutive to the sentences on the rape counts. In his federal habeas petition, Pierre claims that: 1) he received excessive sentences; and,  2) his attorney was ineffective.[1]  The State did not address the merits of these claims but instead filed a motion to dismiss with this court.[2]

For the following reasons, the Motion to Dismiss based upon a time-bar defense should be DENIED.

## TIMELINESS

On February 22, 2002, Pierre was found guilty by a jury of the responsive verdict of attempted forcible rape (count one), guilty as charged on count two, second degree kidnaping; and, guilty as charged of attempted forcible rape as to count three.[3]  The trial judge erred during sentencing, however, thus the Louisiana Court of Appeal, First Circuit

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 15.

[3] See Verdict Form, page 120, State Rec. vol. 1.

found a patent sentencing error on appeal and vacated the sentences, remanding the matter to the trial judge for re-sentencing. The convictions, however, were affirmed.[4]

Pierre was re-sentenced by the trial court on August 10, 2004.[5] No motion to reconsider sentence was filed nor was an appeal lodged relative to the re-sentencing. However, in subsequent post-conviction proceedings, petitioner sought and was granted an out-of-time appeal to have the issues addressed which were previously raised on appeal but pretermitted due to remand on the trial court's sentencing error.[6] Pierre, with counsel, appealed his re-sentencing as excessive and also claimed that his trial counsel was ineffective in failing to file a motion to reconsider sentence.  Said re-sentencing was affirmed by the appellate court on March 27, 2009.[7] Pierre timely requested review of this decision by the Louisiana Supreme Court when he tendered an application for certiorari to his prison custodian on April 21, 2009.[8] The Louisiana Supreme Court denied relief on January 8,

---

[4]See Judgment rendered in *State v. Pierre*, 876 So.2d 967 (La. App. 1st Cir., 6/25/2004)(unpublished),Writ No. 2003-KA-2496, State Rec. vol. 3.

[5]See Re-sentencing transcript dated 8/10/04, State Rec. vol. 3.

[6]See decision in *State v. Pierre*, Writ No. 2008-KW-0184 (La. App. 1st Cir. 4/29/08), a copy of which is located in State Rec. vol. 3.

[7]See Decision in *State v. Pierre*, Writ No. 2008-KA-2012 (La. App. 1st Cir. 3/27/09), a copy of which is located in State Rec. vol. 3.

[8]See *Causey v. Cain*, 450 F.3d 601 (5th Cir. 2006)(Louisiana "mailbox rule" applies when federal habeas court must determine the date that an application for direct review was filed in the Louisiana Supreme Court). Under *Causey*, therefore, petitioner's application for certiorari is deemed filed when it was tendered to his prison custodian.  A copy of the application for writ of certiorari is located in State Rec. vol. 3.

2010.[9] Petitioner then had an additional 90 days to seek relief with the United States Supreme Court but failed to do so. His conviction became final, therefore, 90 days after the Louisiana Supreme Court denied his request for a writ of certiorari, or on April 8, 2010.[10]  This date is the date when Gillespie could no longer seek review of the highest state court's decision with the United States Supreme Court.  See Sup. Ct. R 13(1); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003); *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), *cert. denied*, 529 U.S. 1099, 120 S. Ct. 1834, 146 L. Ed.2d 777 (2000).

Generally, pursuant to 28 U.S.C. § 2244(d)(1)(A), the period that petitioner had to file his application for federal *habeas corpus* relief with respect to his state criminal judgment commenced on the date the conviction became final and would expire one year later, unless that deadline was extended through tolling. Accordingly, Pierre's one year limitation period commenced to run on April 8, 2010.  Under a plain reading of the statute, Pierre's habeas limitation period would expire one year later, on April 8, 2011.

Petitioner filed his federal habeas application on December 3, 2010, the date he signed and subsequently tendered his federal habeas application to prison authorities for

---

[9] *State v. Pierre,* 24 So.3d 861 (La. 1/08/2010)(Writ No. 2009-KO-1022), a copy of which is located in State Rec. vol. 3.

[10] Under *Jimenez v. Quarterman*, 555 U.S. 113, 129 S.Ct. 68, 172 L.Ed.2d 475 (2009), where a state court grants a criminal defendant the right to an out-of-time direct appeal, defendant's judgment of conviction is not final for purposes of 28 U.S.C. §2244(d)(1)(A) until the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking certiorari review of that appeal.

filing with this court.[11] Since the federal one year limitations period had yet to expire, Pierre's habeas application is deemed timely filed and the State's asserted defense that the application was time-barred is rejected.

Based upon the foregoing, the motion to dismiss based upon the untimeliness of Pierre's federal habeas petition is hereby DENIED.

The respondent has not addressed the merits of Pierre's federal habeas application. Accordingly, IT IS ORDERED that respondent submit a supplemental response addressing the merits raised in Pierre's federal petition within ninety (90) days, or as otherwise ordered by the district court judge if this ruling is appealed.

## RECOMMENDATION

For the foregoing reasons, **IT IS RECOMMENDED** that the motion to dismiss filed by respondent, be DENIED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except

---

[11]This December 3, 2010, filing date was ascertained via the Court's use of the "mailbox rule." Under this rule, a pleading filed by a prisoner acting *pro se* is considered to be filed on the date it is delivered to prison officials for mailing, rather than the date it is received by the court. *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). Generally, the date a prisoner signs his petition is presumed to be the date he delivered it to prison officials for mailing. *See Colarte v. Leblanc*, 40 F.Supp.2d 816, 817 (E.D. La. 1999) (assumed that petitioner turned his habeas corpus application over to prison officials for delivery to this Court on the date he signed his application); *Magee v. Cain*, 2000 WL 1023423, *4 n.2 (E.D. La. 2000) (inferred that filing date and signature date of habeas petition were the same); *Punch v. State*, 1999 WL 562729, *2 n.3 (E.D. La. 1999) (may reasonably be inferred that prisoner delivered habeas petition to prison officials for mailing on date he signed petition).

upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc). [12]

New Orleans, Louisiana, this 6th day of June, 2011.

_____
**LOUIS MOORE, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[12]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §  636(b)(1) was amended to extend that period to fourteen days.