# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **OTIS PIERRE** | **CIVIL ACTION** |
| **versus** | **NO. 11-55** |
| **STEVE RADAR** | **SECTION: "J" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Otis Pierre, is a state prisoner incarcerated at the Dixon Correctional Institute, Jackson, Louisiana. On February 22, 2002, he was convicted under Louisiana law of two counts of attempted forcible rape and one count of second degree kidnapping.[1] On April 23, 2002, he was sentenced as follows: on each of the two counts of attempted forcible rape, he was sentenced

---

[1] State Rec., Vol. III of III, transcript of February 22, 2002, pp. 234-35; State Rec., Vol. I of III, minute entry dated February 22, 2002; State Rec., Vol. I of III, jury verdict forms.

to a concurrent term of twenty years imprisonment with at least one year to be served without benefit of probation, parole, or suspension of sentence; and on the count of second degree kidnapping, he was sentenced to a consecutive term of fifteen years imprisonment with at least two years to be served without benefit of probation, parole, or suspension of sentence.[2] On June 25, 2004, the Louisiana First Circuit Court of Appeal confirmed those convictions, vacated the sentences, and remanded the matter for resentencing.[3] On August 10, 2004, petitioner was then resentenced on each of the two counts of attempted forcible rape to a concurrent term of twenty years imprisonment and on the count of second degree kidnapping to a consecutive term of fifteen years imprisonment, and it was ordered that those sentences be served without benefit of probation, parole, or suspension of sentence.[4] The Louisiana First Circuit Court of Appeal thereafter affirmed those sentences on March 27, 2009,[5] and the Louisiana Supreme Court denied petitioner's related writ application on January 8, 2010.[6]

On December 3, 2010, petitioner filed the instant federal application for *habeas corpus* relief in the United States District Court for the Middle District of Louisiana.[7] On January

---

[2] State Rec., Vol. III of III, transcript of April 23, 2002, pp. 20-21.

[3] State v. Pierre, No. 2003 KA 2496 (La. App. 1st Cir. June 25, 2004); State Rec., Vol. III of III.

[4] State Rec., Vol. III of III, transcript of August 10, 2004; State Rec., Vol. III of III, minute entry dated August 10, 2004.

[5] State v. Pierre, No. 2008 KA 2012, 2009 WL 839520 (La. App. 1st Cir. Mar. 27, 2009); State Rec., Vol. III of III.

[6] State v. Pierre, 24 So.2d 861 (La. 2010) (No. 2009-K0-1022); State Rec., Vol. III of III.

[7] Rec. Doc. 1.

11, 2011, the matter was transferred to this district.[8] On April 12, 2011, the state filed a motion to dismiss, arguing that the federal application was untimely filed.[9] On June 6, 2011, United States Magistrate Judge Louis Moore issued a report finding that the application was timely filed and therefore recommending that the motion to dismiss be denied.[10] On June 30, 2011, the United States District Judge adopted that Report and Recommendation.[11] On August 26, 2011, the state then filed a response in this matter acknowledging that the application was in fact timely, conceding that petitioner had exhausted his remedies in the state courts, and arguing that his claims should be dismissed on the merits.[12] On September 12, 2011, petitioner filed a reply to the state's response.[13] On June 6, 2012, upon the retirement of Magistrate Judge Moore, the matter was transferred to the undersigned United States Magistrate Judge for the issuance of a Report and Recommendation.[14]

## I. Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254.

---

[8] Rec. Doc. 6.

[9] Rec. Doc. 15.

[10] Rec. Doc. 16; Pierre v. Radar, Civ. Action No. 11-55, 2011 WL 2610949 (E.D. La. June 6, 2011).

[11] Rec. Doc. 18; Pierre v. Radar, Civ. Action No. 11-55, 2011 WL 2601932 (E.D. La. June 30, 2011).

[12] Rec. Docs. 19 and 20.

[13] Rec. Doc. 21.

[14] Rec. Doc. 22.

Amended subsections 2254(d)(1) and (2) contain revised standards of review for pure questions of fact, pure questions of law, and mixed questions of both. The amendments "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." Bell v. Cone, 535 U.S. 685, 693 (2002).

As to pure questions of fact, factual findings are presumed to be correct and a federal court will give deference to the state court's decision unless it "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2); see also 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

As to pure questions of law or mixed questions of law and fact, a federal court must defer to the state court's decision on the merits of such a claim unless that decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Courts have held that the "'contrary to' and 'unreasonable application' clauses [of § 2254(d)(1)] have independent meaning." Bell, 535 U.S. at 694.

Regarding the "contrary to" clause, the United States Fifth Circuit Court of Appeals has explained:

> A state court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the [United States] Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the [United States] Supreme Court and nevertheless arrives at a result different from [United States] Supreme Court precedent.

Wooten v. Thaler, 598 F.3d 215, 218 (5th Cir.) (internal quotation marks, ellipses, brackets, and footnotes omitted), cert. denied, 131 S.Ct. 294 (2010).

Regarding the "unreasonable application" clause, the United States Supreme Court has explained:

> [A] state-court decision can involve an "unreasonable application" of this Court's clearly established precedent in two ways. First, a state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of this Court's precedent if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

Williams v. Taylor, 529 U.S. 362, 407 (2000). The Supreme Court has noted that the focus of this inquiry "is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams that an unreasonable application is different from an incorrect one." Bell, 535 U.S. at 694; see also Puckett v. Epps, 641 F.3d 657, 663 (5th Cir. 2011) ("Importantly, 'unreasonable' is not the same as 'erroneous' or 'incorrect'; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."), cert. denied, 132 S.Ct. 1537 (2012).

While the AEDPA standards of review are strict and narrow, they are purposely so.

As the United States Supreme Court recently held:

> [E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable.
>
> If this standard is difficult to meet, that is because it was meant to be. As amended by AEDPA, § 2254(d) stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings. It preserves authority to issue the writ in cases where there is *no possibility* fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents. It goes no farther. Section 2254(d) reflects the view that habeas corpus is a guard against *extreme malfunctions* in the state criminal justice systems, *not a substitute for ordinary error correction through appeal. As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.*

Harrington v. Richter, 131 S.Ct. 770, 786-87 (2011) (citations omitted; emphasis added).

## II. Facts

The United States First Circuit Court of Appeal summarized the facts of this case as follows:

> On December 20, 1999, the defendant was a passenger in Jeremy Strickland's vehicle when Strickland rear-ended a vehicle driven by the victim, D.M. Strickland and D.M. exited their vehicles to assess the extent of the damage. After speaking with D.M. for a moment, Strickland grabbed her, put his hand over her face and forced her into her vehicle. Strickland then entered D.M.'s vehicle and drove away with her inside. Defendant followed in Strickland's vehicle. Strickland took D.M. to a remote area where he raped her and forced her to perform oral sex upon him. As Strickland forced D.M. to perform oral sex upon him, defendant approached and unsuccessfully attempted to penetrate her from behind.

Defendant admitted his participation in the incident in a taped statement to police and again at trial. He admitted following in Strickland's vehicle, but denied knowing that Strickland planned to rape D.M. He admitted, however, that after Strickland had sexual intercourse with D.M. he entered her vehicle intending to do the same. He further admitted that later, while Strickland was forcing D.M. to perform oral sex, he approached her from the rear and attempted to penetrate her.[15]

### III. Petitioner's Claims

Petitioner claims that his sentences are excessive and, therefore, his counsel was ineffective for failing to object to or move for reconsideration of those sentences. The Louisiana First Circuit Court of Appeal rejected those claims, holding:

> By these assignments of error, the defendant contends the trial court erred in imposing excessive sentences. Specifically, he asserts that the thirty-five year aggregate sentence is unconstitutionally excessive under the facts and circumstances of this case. The defendant acknowledges that his trial counsel did not make a written or oral motion to reconsider sentence after the resentencing. Thus, the defendant contends his trial counsel was ineffective.
> 
> As the defendant correctly points out, the instant record does not contain a motion to reconsider sentence nor; did the defendant object to the sentences. The failure to file or make a motion to reconsider sentence precludes a defendant from raising an objection to the sentence on appeal, including a claim of excessiveness. See LSA-C.Cr.P. art. 881.1(E). Therefore, the defendant is barred procedurally from now having this assignment of error reviewed on appeal. State v. Duncan, 94-1563, p. 2 (La.App. 1st Cir. 12/15/95), 667 So.2d 1141, 1143 (en banc per curiam). However, because the defendant alleges deficient performance by his trial counsel in failing to file a motion to reconsider sentence and asserts he was prejudiced by such performance, we will examine the sentences for excessiveness. See State v. Bickham, 98-1839, p. 7 (La.App. 1st Cir. 6/25/99), 739 So.2d 887, 891-92.

---

[15] State v. Pierre, No. 2003 KA 2496, at pp. 2-3 (La. App. 1st Cir. June 25, 2004); State Rec., Vol. III of III.

Whether or not defendant's counsel's assistance was so defective as to require the vacating of his sentences is subject to a two-part test established by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). First, the defendant must show that counsel's performance was deficient. Second, the defendant must show that this deficient performance prejudiced him. Applying this test to the issue at hand, it is clear a failure to file a motion to reconsider sentence in itself does not constitute ineffective assistance of counsel. However, if the defendant can show a reasonable probability that, but for counsel's error, his sentences would have been different, a basis for an ineffective assistance claim may be found. State v. Felder, 2000-2887, pp. 10-11 (La.App. 1st Cir. 9/28/01), 809 So.2d 360, 370, writ denied, 2001-3027 (La. 10/25/02), 827 So.2d 1173. Thus, the defendant must show that but for his counsel's failure to file a motion to reconsider sentence, the thirty-five year aggregate sentence would not have been imposed.

Article I, Section 20 of the Louisiana Constitution prohibits the imposition of excessive punishment. Although a sentence may fall within statutory limits, it may nevertheless violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762, 767 (La. 1979). Generally, a sentence is considered excessive if it is grossly disproportionate to the severity of the crime or is nothing more than the needless imposition of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm to society, it is so disproportionate as to shock one's sense of justice. State v. Reed, 409 So.2d 266, 267 (La. 1982). A trial judge is given wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of manifest abuse of discretion. State v. Lanclos, 419 So.2d 475, 478 (La. 1982). See also State v. Savario, 97-2614, p. 8 (La.App. 1st Cir. 11/6/98), 721 So.2d 1084, 1089, writ denied, 98-3032 (La. 4/1/99), 741 So.2d 1280.

The imposition of consecutive sentences is governed by LSA-C.Cr.P. art. 883, which provides, in pertinent part:

> If the defendant is convicted of two or more offenses based on the same act or transaction, or constituting parts of a common scheme or plan, the terms of imprisonment shall be served concurrently unless the

court expressly directs that some or all be served consecutively.

This article specifically excludes from its scope sentences that the court expressly directs to be served consecutively. State v. Rogers, 95-1485, p. 11 (La.App. 1st Cir. 9/27/96), 681 So.2d 994, 1000, writs denied, 96-2609, 96-2626 (La. 5/1/97), 693 So.2d 749. Thus, it is within a trial court's discretion to order sentences to run consecutively rather than concurrently. State v. Rollins, 32,686, p. 13 (La.App. 2d Cir. 12/22/99), 749 So.2d 890, 899, writ denied, 2000-0549 (La. 9/15/00), 768 So.2d 1278. The imposition of consecutive sentences requires particular justification when the crimes arise from a single course of conduct. State v. Johnson, 99-0385, p. 7 (La.App. 1st Cir. 11/5/99), 745 So.2d 217, 221, writ denied, 2000-0829 (La. 11/13/00), 774 So.2d 971. However, even if the convictions arise out of a single course of conduct, consecutive sentences are not necessarily excessive if the trial court considers other factors when imposing sentence. State v. Ferguson, 540 So.2d 1116, 1123 (La.App. 1st Cir. 1989). Some of those factors include defendant's criminal history, the dangerousness of the offense, the viciousness of the crimes, the harm done to the victim, the potential for defendant's rehabilitation, and the danger posed by the defendant to the public safety. State v. Parker, 503 So.2d 643, 646 (La.App. 4th Cir. 1987). Additional factors that may serve as justification for consecutive sentences include multiplicity of acts, lack of remorse, and risk to the public safety. State v. Lewis, 430 So.2d 1286, 1290 (La.App. 1st Cir.), writ denied, 435 So.2d 433 (La. 1983).

A conviction for attempted forcible rape has a sentencing range of imprisonment at hard labor for not more than twenty years. LSA-R .S. 14:27(D)(3) & 14:42.1(B). The offense of second degree kidnapping carries a potential penalty of imprisonment at hard labor for not less than five nor more than forty years. LSA-R.S. 14:44.1(C). On both of these offenses, at least two years of the sentence imposed shall be served without benefit of probation, parole, or suspension of sentence. LSA-R.S. 14:42.1(B) & 14:44.1(C).

In this case, the defendant was sentenced to concurrent terms of imprisonment for twenty years at hard labor on each of the attempted forcible rape convictions and a consecutive term of fifteen years at hard labor for the second-degree kidnapping conviction. The entire thirty-five year aggregate sentence was to be served without benefit of probation, parole, or suspension of sentence.

On appeal, the defendant argues the trial court failed to give consideration to the sentencing guidelines and other relevant mitigating factors. In support of his claim that the sentences are excessive, the defendant cites his youthful age (twenty years old at the time of the offenses), and the fact that he lacks a significant criminal history (only a prior DWI conviction). He further argues that there was no justification for the imposition of consecutive, rather than concurrent, sentences for the convictions, which arose out of the same course of conduct, against the same victim, on the same date.

The record in this case reflects that, prior to imposing the original sentences, the judge specifically noted that he presided over the trial of this matter. The record further reflects that the defendant testified at the trial and later presented evidence of his good character at a sentencing hearing. Thus, it is clear that the trial court was aware of the facts and circumstances surrounding the offenses, as well as the mitigating information cited by the defendant in his brief (*i.e.*, the defendant's age, criminal history, family ties, employment history, etc.).

We have reviewed the sentences imposed herein, and considering the nature of the offenses and the circumstances of this case, we find no abuse of the trial court's broad sentencing discretion in imposing the sentences or in making them consecutive. Although the trial court did not articulate reasons for the sentences imposed, we find that the record in this case supports the aggregate thirty-five year sentence. Contrary to the defendant's claim that sufficient justification is lacking, the consecutive sentences are adequately justified for this particular defendant (who clearly poses an unusual risk to public safety) and for these particular convictions, *i.e.*, heinous crimes of violence during which the victim was kidnapped, raped and otherwise sexually abused by the defendant and his co-perpetrator. Considering the particularly brutal facts of the offenses, and the suffering the victim endured, the sentences imposed are neither disproportionate nor shocking.

As such, we conclude the defendant has failed to show that he received ineffective assistance of counsel when his trial counsel failed to file a motion to reconsider sentence, because the defendant has not shown that his sentences were excessive and would have been changed, either in the district court or on appeal, had such a motion been filed.

These assignments of error lack merit.[16]

The Louisiana Supreme Court then denied petitioner's related writ application without assigning additional reasons.[17]

As to petitioner's claim that his sentences are excessive, that claim should be rejected for the following reasons.

To the extent that petitioner is arguing that his sentences are excessive under Louisiana law, or are inappropriate due to the trial court's failure to comply with La.C.Crim.P. art. 894.1 or any other provision of the state laws concerning sentencing procedures, the claim simply is not cognizable in this federal proceeding. See, e.g., Butler v. Cain, 327 Fed. App'x 455, 457 (5th Cir. 2009) ("[Petitioner] also argues that the trial court erred in imposing the statutory maximum sentence of life imprisonment without providing sufficient reasons as required by La. Code Crim. Proc. art. 894.1(C). His claim that the trial court violated state law is not cognizable in this federal habeas proceeding."); Haynes v. Butler, 825 F.2d 921, 924 (5th Cir. 1987) ("[Petitioner] also challenges the state court's failure to comply with La. Code Crim. Proc. Ann. art. 894.1, which requires courts to state for the record the reasons and factual bases for imposing a sentence, but a state's failure to follow its own sentencing procedures is not reviewable by federal habeas corpus. ... [T]his Court will not review the state court's findings regarding the constitutionality of petitioner's sentence under state law."); Collins v. Tannon, Civ. Action No. 08-5229, 2011 WL 1302906, at *5

---

[16] State v. Pierre, No. 2008 KA 2012, 2009 WL 839520, at *1-4 (La. App. 1st Cir. Mar. 27, 2009); State Rec., Vol. III of III.

[17] State v. Pierre, 24 So.2d 861 (La. 2010) (No. 2009-K0-1022); State Rec., Vol. III of III.

- 11 -

(E.D. La. Jan. 24, 2011) ("To the extent petitioner is arguing that his sentence is excessive under Louisiana law or that the trial judge erred to follow the state sentencing guidelines, that claim is not cognizable in this federal proceeding."), adopted, 2011 WL 1235728 (E.D. La. Mar. 30, 2011); Smith v. Travis, Civ. Action No. 08-4627, 2009 WL 1704335, at *13 (E.D. La. June 16, 2009) ("If petitioner is now arguing that his sentence is excessive under Louisiana law, that claim is not cognizable in this federal proceeding. ... Accordingly, this Court will not review the state court's findings regarding the constitutionality of petitioner's sentence under state law."); Jacob v. Donnelly, Civ. Action No. 86-3634, 1986 WL 12209, at *1 (E.D. La. Oct. 23, 1986) ("Petitioner's claim that his sentence is excessive under the Louisiana Constitution is not reviewable by writ of habeas corpus in federal court. ... Nor may this court consider petitioner's claim that the trial court failed to comply with La.Code Crim.Proc. art. 894.1. A federal court may not review a state's failure to follow its own sentencing procedures." (quotation marks omitted)).

Simply put, "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Molo v. Johnson, 207 F.3d 773, 776 n. 9 (5th Cir. 2000) ("Federal habeas review does not extend to state court conclusions of state law."); Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal *habeas*); Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir.1991) (a federal *habeas* court does not sit as a "super" state supreme court to review errors under state law); Smith v. Terrell, Civ. Action No. 09-3791, 2009 WL 4799190, at *3 (E.D. La. Dec. 7, 2009); Hurst v. Cain, Civ. Action No. 06-3045, 2008 WL 4286503, at *3 n.22 (E.D. La. Sept. 18, 2008). Rather, federal *habeas corpus* relief may be granted only to remedy

violations of the federal Constitution and laws of the United States; mere violations of state law will not suffice. 28 U.S.C. § 2254; Engle v. Isaac, 456 U.S. 107, 119 (1983). Therefore, even if petitioner's sentences were excessive under the Louisiana Constitution or if the trial court failed to comply with the state laws concerning sentencing procedures, which are issues this Court need not and does not reach, those errors would not be correctable in a federal *habeas corpus* proceeding.

To the extent that petitioner is contending that his sentences are excessive under *federal* law, specifically the the Eighth Amendment of the United States Constitution, his claim fares no better. In Solem v. Helm, 463 U.S. 277, 284 (1983), the Supreme Court held that the Eighth Amendment "prohibits not only barbaric punishments, but also sentences that are disproportionate to the crime committed." "This constitutional principle is tempered, however, by the corollary proposition that the determination of prison sentences is a legislative prerogative that is primarily within the province of legislatures, not courts." United States v. Gonzales, 121 F.3d 928, 942 (5th Cir. 1997) (citing Rummel v. Estelle, 445 U.S. 263, 274-76 (1980)). "[C]ourts must grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes." Gonzales, 121 F.3d at 942 (quotation marks omitted). "[T]herefore, it is firmly established that successful challenges to the proportionality of punishments should be exceedingly rare." Id. (quotation marks omitted).

Interpreting Solem in light of intervening precedent, the United States Fifth Circuit Court of Appeals has set forth the framework to be used when analyzing a claim that a sentence is excessive:

> [W]e will initially make a threshold comparison of the gravity of [petitioner's] offenses against the severity of his sentence. Only if we

> infer that the sentence is grossly disproportionate to the offense will we then ... compare the sentence received to (1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions.

McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992).

The Fifth Circuit has noted that Rummel v. Estelle, 445 U.S. 263 (1980), "establishes a benchmark for disproportionate punishment under the Eighth Amendment." Gonzales, 121 F.3d at 943. In Rummel, the Supreme Court upheld a petitioner's sentence to life imprisonment for obtaining $120.75 under false pretenses. The sentence was imposed under a Texas recidivist statute and took into account petitioner's prior convictions for fraudulent use of a credit card and passing a forged check. The Fifth Circuit observed:

> We acknowledge that the distinction between constitutional sentences and grossly disproportionate punishments is an inherently subjective judgment, defying bright lines and neutral principles of law. Nevertheless, we can say with certainty that the life sentence approved in Rummel falls on the constitutional side of the line, thereby providing a litmus test for claims of disproportionate punishment in violation of the Eighth Amendment.

Gonzales, 121 F.3d at 943 (footnote omitted).

In light of the Rummel finding that a *life* sentence was not excessive when imposed for a *nonviolent* offense where the defendant had two prior *nonviolent* offenses, all of which were relatively minor offenses, this Court cannot conclude that petitioner's sentences for the grave crimes of attempted forcible rape and second degree kidnapping were grossly disproportionate. In that the sentences were not grossly disproportionate, this Court's "inquiry is finished." Gonzales, 121 F.3d at 942. Because petitioner's sentences were not so excessive as to violate the United States Constitution, this claim must fail.

As to petitioner's second claim, he argues that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution. As correctly noted by the state court, the United States Supreme Court has established a two-prong test for evaluating claims of ineffective assistance of counsel. A petitioner seeking relief must demonstrate both that counsel's performance was deficient *and* that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 697 (1984). A petitioner bears the burden of proof on such a claim and "must demonstrate, by a preponderance of the evidence, that his counsel was ineffective." Jernigan v. Collins, 980 F.2d 292, 296 (5th Cir. 1993); see also Clark v. Johnson, 227 F.3d 273, 284 (5th Cir. 2000). If a court finds that a petitioner has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance or actual prejudice, it may dispose of the ineffective assistance claim without addressing the other prong. Strickland, 466 U.S. at 697.

To prevail on the deficiency prong of the Strickland test, a petitioner must demonstrate that counsel's conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment. See Styron v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001). "Counsel's performance is deficient if it falls below an objective standard of reasonableness." Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998). Analysis of counsel's performance must take into account the reasonableness of counsel's actions in light of all the circumstances. See Strickland, 466 U.S. at 689. "[I]t is necessary to 'judge ... counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690). A petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide range of reasonable representation. See Crockett v.

McCotter, 796 F.2d 787, 791 (5th Cir. 1986); Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

In order to prove prejudice, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In this context, a reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id. In making a determination as to whether prejudice occurred, courts must review the record to determine "the relative role that the alleged trial errors played in the total context of [the] trial." Crockett, 796 F.2d at 793.

As noted, petitioner's ineffective assistance of counsel claim was considered and rejected by the state courts on direct appeal. Because such a claim is a mixed question of law and fact, this Court must defer to the state court decision rejecting petitioner's claim unless that decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Moore v. Cockrell, 313 F.3d 880, 881 (5th Cir. 2002). Moreover, the United States Supreme Court recently explained that, under the AEDPA, federal *habeas corpus* review of an ineffective assistance of counsel claim is in fact doubly deferential:

> The pivotal question is whether the state court's application of the Strickland standard was unreasonable. This is different from asking whether defense counsel's performance fell below Strickland's standard. Were that the inquiry, the analysis would be no different than if, for example, this Court were adjudicating a Strickland claim on direct review of a criminal conviction in a United States district court. Under AEDPA, though, it is a necessary premise that the two questions are different. For purposes of § 2254(d)(1), an *unreasonable* application of federal law is different from an *incorrect* application of federal law. A state court must be

> granted a deference and latitude that are not in operation when the case involves review under the Strickland standard itself.
>      A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision. Yarborough v. Alvarado, 541 U.S. 652, 664, 124 S.Ct. 2140, 158 L.Ed.2d 938 (2004). And as this Court has explained, "[E]valuating whether a rule application was unreasonable requires considering the rule's specificity. The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations." Ibid. "[I]t is not an unreasonable application of clearly established Federal law for a state court to decline to apply a specific legal rule that has not been squarely established by this Court." Knowles v. Mirzayance, 556 U.S. ____, ____, 129 S.Ct. 1411, 1413-14, 173 L.Ed.2d 251 (2009) (internal quotation marks omitted).

Harrington v. Richter, 131 S.Ct. 770, 785-86 (2011) (citation omitted); see also id. at 788 ("The standards created by Strickland and § 2254(d) are both highly deferential, and when the two apply in tandem, review is doubly so.").

In the instant case, this Court need not reach the issue of whether counsel performed deficiently by failing to object to or to move for reconsideration of the sentences, because petitioner's claim clearly fails on the second prong of the Strickland analysis for lack of resulting prejudice. In light of the heinousness of petitioner's crimes, there is absolutely no reason to believe that the state district court judge, who was well aware of the facts by virtue of having presided both at trial and at the sentencing hearing, would have been persuaded by any such objection or motion. Moreover, the record clearly disproves any contention that a different outcome would have resulted on appeal had defense counsel objected or moved for reconsideration. It is true a failure to move for reconsideration of sentence *normally* prevents appellate review of a sentence. See, e.g., La.C.Crim.P. art. 881.1(E) ("Failure to make or file a motion to reconsider sentence or to include

- 17 -

a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review."). However, that general rule was *not* followed in this case: petitioner was in fact afforded *full appellate review* of his sentences in this case, and his sentences were held to be proper. He would have received no greater measure of appellate review *even if* there had been an objection to or a motion for reconsideration of the sentences. Accordingly, because there clearly is no reasonable probability that the result of the proceeding would have been different even if counsel had lodged an objection or filed such a motion, petitioner has not, and cannot, show the prejudice required to support his ineffective assistance claim.

In summary, petitioner has failed to demonstrate that the state court's decision rejecting his ineffective assistance claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly, under the AEDPA's doubly deferential standard applicable to ineffective assistance claims, this claim should be rejected.

## **RECOMMENDATION**

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Otis Pierre be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[18]

New Orleans, Louisiana, this eighteenth day of June, 2012.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[18] <u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.