UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

OTIS PIERRE                                         CIVIL ACTION

VERSUS                                              NO: 11-55

RADAR, ET AL.                                       SECTION "J" (1)

**O R D E R**

Before the Court is the Petitioner Otis Pierre's objection **(Rec. Doc. 24)** to the Report and Recommendation of the United States Magistrate Judge **(Rec. Doc. 23)**. The Court rejects the petitioner's reurging of arguments properly rejected by the Magistrate Judge.

In his objection, the petitioner urges that (1) his sentences are excessive or inappropriate under Louisiana law; (2) his sentences are excessive under the Eighth Amendment of the United States Constitution; and, (3) that he was denied effective assistance of counsel under the Sixth Amendment of the United States Constitution. The Magistrate Judge properly found that petitioner's claim that the trial court violated state law was not cognizable in a federal habeas proceeding. See, e.g., Butler v.

Cain, 327 F. App'x 455, 457 (5th Cir. 2009). Furthermore, the Magistrate Judge properly found that the petitioner's sentence was appropriate under the Eighth Amendment in that the crimes of attempted forcible rape and second degree kidnaping were grave offenses that were not grossly disproportionate to a thirty-five year sentence without parole.[1] Because the inquiry into Eight Amendment proportionality ends upon a determination that the charged offense and the severity of the sentencing are not grossly disproportionate, no further inquiry was required on the part of the Magistrate Judge. Gonzales, 121 F.3d at 942; McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir. 1992). Lastly, the Magistrate Judge reached the correct determination that petitioner did not receive ineffective assistance of counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 697 (1984). Because the petitioner was afforded full appellate review of his sentence, any failure of petitioner's counsel to object to the

---

[1] In particular, the Court notes that Magistrate Judge found that the Fifth Circuit uses Rummel v. Estelle, 445 U.S. 263 (1980) as a "litmus test" for disproportionate sentencing. United States v. Gonzales, 121 F.3d 942, 943 (5th Cir. 1997). The Magistrate Judge found that where it was not grossly disproportionate for the court in Rummel to sentence the defendant to life imprisonment for the nonviolent offense of obtaining $120.75 under false pretenses, it could not be grossly disproportionate in the instant case to sentence the Mr. Pierre to thirty-five years were he was convicted of two violent offenses. (Rec. Doc. 23, p. 14)

trial court's sentencing determination did not prejudice his case. (See Rec. Doc. 23, pp. 17-18)

The Court, having considered the record, the applicable law, the Report and Recommendation of the United States Magistrate Judge, and the Petitioner's Objections to the Report and Recommendation; hereby **OVERRULES** Petitioner's objection, approves the Report and Recommendation of the United States Magistrate Judge, and adopts it as the Court's opinion in this matter. Accordingly,

**IT IS ORDERED** that the petition of Otis Pierre for issuance of a writ of habeas corpus under Title 28 U.S.C. § 2254, is hereby **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 24th day of July, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE