```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

PIERRE                                          CIVIL ACTION

VERSUS                                          NO: 11-55

RADAR ET AL.                                    SECTION: "J"
```

**ORDER AND REASONS**

Before the Court is Petitioner Otis Pierre's **Motion for Reconsideration (Rec. Doc. 31)** of this Court's Order denying Mr. Pierre's Motion for Leave to Appeal *in forma pauperis* (Rec. Doc. 30). Upon review of the record, Mr. Pierre's motion, and the applicable law, this Court now finds, for the reasons set forth below, that Peitioner's Motion for Reconsideration should be **DENIED.**

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). Lavespere v. Niagara Mach.

& Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1076 (5th Cir. 1994).  The difference in treatment is based on timing.  If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e).  Id.; FED. R. CIV. P. 59(e).  However, if the motion is filed more than twenty-eight days after the judgment, but not more than one year after the entry of judgment, it is governed by Rule 60(b).  Id.; FED. R. CIV. P. 60(c).  In the present case, Petitioner's Motion for Reconsideration was filed on October 22, 2012, which is more than twenty-eight days after the issuance of the Court's September 13, 2012 Order denying Petitioner's first Motion for Leave to Appeal *in forma pauperis*. As a result, Petitioner's Motion for Reconsideration is treated as a motion for relief from judgment under Rule 60(b).

 Rule 60(b) provides that a court may reconsider an order for several reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by reasonable diligence could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on a prior judgment that has been reversed or vacated, or it is no longer equitable for the judgment to have prospective application; or (6) any other reason that justifies relief.  Fed. R. Civ. P. 60(b).  A

district court has considerable discretion to grant or deny a motion for reconsideration. See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir. 1993). A court's reconsideration of an earlier order is an extraordinary remedy that should be granted sparingly. Kelly v. Bayou Fleet, Inc., No. 05-6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007).

Petitioner has failed to allege any facts would support the granting of his Motion for Reconsideration pursuant to Rule 60(b). Accordingly,

**IT IS ORDERED** that Otis Pierre's **Motion for Reconsideration (Rec. Doc. 31)** is hereby **DENIED.**

New Orleans, Louisiana, this 29th day of October, 2012.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE